IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS CALDWELL, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00173 |
| ) | |
| JANET PELMORE and ) | Judge Trauger |
| CORRECTIONS CORP. OF AMERICA, ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM OPINION**

    Plaintiff Thomas Caldwell is a prisoner incarcerated at the Metro-Davidson County Detention Facility ("detention facility"), which is operated by Corrections Corporation of America ("CCA") in Nashville, Tennessee. The plaintiff has filed a *pro se* complaint (ECF No. 1) under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs in violation of his constitutional rights. The complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.    FACTUAL ALLEGATIONS**

    The plaintiff alleges that he has a plate in his leg from an automobile accident that predates his current detention, and that his "body is rejecting the plate." (ECF No. 1, at 5.) He was referred by the medical staff at the detention facility to an orthopedic specialist, Dr. Limbird, at Meharry General Hospital, with whom the plaintiff had an appointment on August 24, 2012. Dr. Limbird's prognosis was that the plate needed to be removed. When the plaintiff still had not been scheduled for the surgery to have the plate removed after two months following the appointment with Dr. Limbird, the plaintiff began filing grievances and sick-calls. In response to a grievance filed on December 11, 2012, the plaintiff was told by Warden Sausedo that he would receive the operation. In January, the plaintiff was told by Warden Corlew that Dr. Pelmore had made a referral for the surgery, but that Dr. Cherry had denied the referral. The plaintiff was sent back to Dr. Limbird on February 6, 2013 for a second consultation. Dr. Limbird, according to the plaintiff, was "perplexed as to why it had taken six months to see [him] again," and told the plaintiff he needed surgery, not

a second consultation. (ECF No. 1, at 5.) Dr. Pelmore has told the plaintiff that "Corporate will not pay for that kind of surgery." (*Id.*)

Although the plaintiff lists only Dr. Janet Pelmore and CCA as defendants in the "parties" section of his complaint, he also states in the fact section of his complaint that "Defendant Blair Leibach is the warden of Metro Davidson County Detention Facility and is therefore responsible for the overall operation of said facility and each prisoner incarcerated therein." (ECF No. 1, at 5.)

The plaintiff states that he brings this action under 42 U.S.C. § 1983 for damages caused by a violation of his constitutional right to reasonably necessary medical care. He also seeks injunctive relief under 28 U.S.C. § 2201 and 2202.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted

by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  LEGAL ANALYSIS

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. Claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed.

Under the Eighth Amendment, prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A deliberate indifference claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.2d at 702 (citing *Farmer*, 511 U.S. at 834). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id.*

In the present case, the plaintiff alleges that he has a plate in his leg that his body is rejecting; that an orthopedic specialist has opined that the plate needs to be removed; and that officials at the detention facility have refused to permit him to have the surgery; and that infection and other serious consequences may result from not having the plate removed. Construing the complaint in the light most favorable to the plaintiff, the court concludes that, at this stage in the proceedings, the plaintiff's allegations of injury are sufficiently serious to implicate the plaintiff's constitutional right to medical care.

The court also finds that the plaintiff's allegations, if true, give rise to a reasonable inference that Dr.

Pelmore subjectively perceived and recklessly disregarded the plaintiff's need for treatment. The fact that the plaintiff alleges that Dr. Pelmore authorized the necessary surgery but was overridden by Dr. Cherry, who is not named individually as a defendant, does not necessarily relieve Dr. Pelmore of responsibility under the circumstances as alleged in the complaint. Further, the law is clear that Dr. Pelmore may be liable under § 1983 as a state actor. *See West v. Atkins*, 487 U.S. 42, 55–56 (1988) (holding that private medical contractors such as those employed or contracted by an independent entity to provide medical care to prisoners are state actors for purposes of § 1983). The court therefore finds that the complaint states a claim against Dr. Pelmore in her individual capacity.

In addition, the plaintiff's allegations are adequate to give rise to an alternative inference that Dr. Pelmore denied treatment in response to a policy-based decision made by her superior(s), such that CCA, as the entity in contract with the state to provide medical and other services to inmates, may also be liable under § 1983. *Id.* Clearly, CCA may not be vicariously liable under a *respondeat superior* theory. *See Street v. Corrections Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (finding that CCA, a publicly held corporation operating a prison, was not vicariously liable for the actions of a co-defendant corrections officer accused of violating the plaintiff's Eighth Amendment rights). Instead, in order for CCA to be liable, the plaintiff must allege or show that there is a direct causal link between a policy or custom of CCA and the alleged constitutional violation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To do so, the plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). Proof of a single incident of unconstitutional activity may be sufficient to impose liability, but not unless the evidence includes proof that it was caused by an existing, unconstitutional [municipal] policy. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

In this case, the plaintiff's allegation that Dr. Pelmore told him that "Corporate will not pay for th[e] kind of surgery" he needs, (ECF No. 1, at 5), gives rise to an inference that the denial of authorization for the treatment at issue was made at the corporate level as a matter of existing policy, for instance, a policy that corporate will not authorize surgery to remove surgical implants or to correct pre-existing conditions. In other

-4-

words, the plaintiff's allegations in this case suggest that CCA may be liable, based on the fact that Dr. Cherry, on behalf of CCA, overruled Dr. Pelmore's decision that the plaintiff should be referred out for surgery, and that Dr. Pelmore, according to the plaintiff's allegations, felt herself bound or constrained by the decision made at the corporate level. At this stage, the court will permit the claim against CCA to proceed based on the existence of a policy adopted by CCA on the basis of which authorization for the surgery the plaintiff believes he needs was denied.

The complaint, however, fails to state a claim against Warden Leibach in his individual capacity, assuming the plaintiff intended to name Leibach as a defendant, because the complaint does not allege that Leibach was personally involved in any medical decision regarding the plaintiff. That claim is subject to dismissal with prejudice. Insofar as the plaintiff seeks to name Leibach as a defendant in his official capacity, such a claim is redundant of the claim against CCA and is therefore subject to dismissal without prejudice.

In sum, the plaintiff's claims against Dr. Pelmore and against CCA will be permitted to proceed. The claims against Warden Blair Leibach will be dismissed. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge