IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THOMAS CALDWELL )
)
v. ) NO. 3:13-0173
)
CORRECTIONS CORPORATION OF )
AMERICA, et al. )

TO: Honorable Aleta Trauger, District Judge

# REPORT AND RECOMENDATION

By Order entered April 24, 2013 (Docket Entry No. 8), this pro se and in forma pauperis prisoner civil rights action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), for management of the case, for decision on all pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, as necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

This action was filed on February 27, 2013, by an inmate who was incarcerated at the Metro-Davidson County Detention Facility ("MDCDF") at the time. He sought damages under 42 U.S.C. § 1983 from Dr. Jane Pelmore and Corrections Corporation of America, Inc., based on allegations that he was denied constitutionally adequate medical care at the MDCDF. Process was served upon the two defendants and they have filed answers to the Complaint. See Docket Entry Nos. 16 & 20.

On July 9, 2013, a Court Order (Docket Entry No. 18) that was sent to the plaintiff at the MDCDF was returned as undeliverable with a notation "released 6/28/13." See Docket Entry No. 19. On July 25, 2013, the Court entered an Order (Docket Entry No. 21), noting that the plaintiff had not provided an alternative address in his pleadings and had not filed a change of address notice or otherwise informed the Court of his current address upon his release from incarceration and ordering the plaintiff to file a change of address notice with the Court by August 30, 2013. The July 15, 2013, Order was likewise returned to the Court as undeliverable with the notations "released 6/28/13" and "no inmate found." See Docket Entry Nos. 23-24.[1]

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of the plaintiff's failure to comply with the directives of the Court, failure to keep the Court informed of

---

[1] The Court notes that the Orders sent to the Plaintiff on July 25, 2013, contained the incorrect case caption of Thomas Caldwell v. Montgomery County Jail, et al. See Docket Entry No. 21. This error, however, would have had no effect on the delivery of mail to the plaintiff from the Court.

2

his current address, and failure to actively litigate the lawsuit he filed. Dismissal with prejudice is appropriate in light of the impasse in further proceedings in the action caused by the plaintiff's failure to continue to prosecute the action upon his release from incarceration and the fact that his current whereabouts are unknown. Given the plaintiff's apparent disinterest in the action, a sanction lesser than dismissal is not warranted.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge